UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:18-CR-74 AND 2:18-CR-146-1 |
| | ) |
| HECTOR MENDEZ-SALES | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Hector Mendez-Sales's Motion for Sentence Reduction under § 3582 (c)(1)(A). [Doc. 35] and the United States's Response in Opposition [Doc. 40].

## I. BACKGROUND

First, it is important to clarify that while Mr. Mendez-Sales's Motion was filed in 3:18-CR-74, the only case listed in his motion is 2:18-CR-146-1 and the language in his motion makes clear that he is only referring to 2:18-CR-146-1. Therefore, the Court will only refer to 2:18-CR-146-1.

In October 2019, Mr. Mendez-Sales was indicted under the alias Osvaldo Sanchez on one count of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and one count of possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). [Indictment, Doc. 1, at 1, 3]. In December 2018, he pleaded guilty to possession with intent to distribute 5 or more grams of methamphetamine. [Minute Entry, Doc. 24]. At sentencing, he received a total offense level of 31 and a criminal history category of VI, resulting in a guidelines range of 188-235 months. [Presentence Investigation Report, Doc. 31, at 17.] Mr. Mendez-Sales was also subject to a 60-

month minimum sentence as required by 21 U.S.C. § 841(b)(1)(B). [*Id*. at 16].

He now moves the Court to reduce his sentence due to the varied treatment of actual methamphetamine and mixtures containing methamphetamine, and his belief that he was incorrectly classified as a "career offender". [Def. Mot., Doc. 35, at 1-2]. He further asks the Court to appoint counsel to assist him with this request. [*Id*. at 2]. For the reasons herein, the Court will deny Mr. Mendez-Sales's Motion.

## II. ANALYSIS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). One such exception is enumerated in 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The Court, either upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i)

Section 1B1.13 of the United States Sentencing Guidelines lists circumstances that may result in extraordinary and compelling reasons to reduce a sentence. U.S.S.G. §1B1.13. These include the medical circumstances of the defendant, the age of the defendant, the family

circumstances of the defendant, or whether the defendant was a victim of abuse while serving the term of imprisonment sought to be reduced. If a court finds that extraordinary and compelling reasons exist for such a sentence reduction, it must also find that such a reduction is "consistent with applicable policy statements issued by the sentencing commission", and that a reduction comports with the factors set forth in 18 U.S.C. § 355(a). *United States v. Ruffin*, 978 F.3d 1000 (2020).

i. <u>Failure to Exhaust Administrative Remedies</u>

First, the Court acknowledges that Mr. Mendez-Sales has not attempted to show that he has pursued any administrative remedies as required by the statute. The Sixth Circuit has upheld that failure to exhaust administrative remedies is a "glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). However, while a Court may not grant compassionate release where the exhaustion requirement is not satisfied, it is "free to deny such a motion for any reason that is supported by the record." *United States v. Mantey*, No. 2:14-CR-25, 2024 WL 3418225 (E.D. Tenn. July 15, 2024), quoting *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). Although the Court could deny Mr. Mendez-Sales's motion for failure to exhaust administrative remedies, it will instead deny it for the reasons discussed below.

ii. <u>Appointment of Counsel</u>

As for Mr. Mendez-Sales's request for the appointment of counsel, Standing Order 21-09 appoints the Federal Defender Services of Eastern Tennessee (FDSET) to review motions filed by indigent defendants under 18 U.S.C. § 3582(c)(1)(A). Mr. Mendez-Sales's case was reviewed, and FDSET declined to file a supplemental motion on his behalf. [Notices, Docs. 37 & 38]. Therefore, his motion to appoint counsel is **DENIED AS MOOT**.

iii. <u>Extraordinary and Compelling Circumstances</u>

To be eligible for relief under § 3582(c)(1)(A), Mr. Mendez-Sales must show that extraordinary and compelling circumstances exist to warrant a reduction. In support of his motion, he argues that if he were sentenced today, guidelines for a "mixture containing methamphetamine" would be used rather than guidelines for "actual methamphetamine" that were applied to him. [Def. Mot., Doc. 35, at 1]. He also argues that he was incorrectly classified as a career offender, resulting in a higher guidelines range. [*Id*.] The United States responds that a § 3582(c)(1)(A) motion is not the appropriate way to bring arguments that could have been brought on direct appeal or in a § 2255 habeas petition, and, in any event, his arguments are without merit. [U.S. Resp., Doc. 40, at 5-6]. The Court agrees.

A. *Mixture vs. Actual Methamphetamine*

First, the United States is correct in stating that a compassionate release motion is not the proper vehicle for these arguments. *United States v. Mattice* provides that "a compassionate release motion is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a 28 U.S.C. § 2255 motion." *United States v. Mattice*, No. 20-3668, 2020 WL 7587155 (6th Cir. Oct. 7, 2020) (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3rd (Cir. 2019). Further, other judges in this district have found specifically that a compassionate release motion is "not the proper vehicle to argue for a sentence reduction based on the disparate treatment of actual and mixture methamphetamine." *United States v. Weems*, No. 2:18-CR-00017-DCLC-CRW, 2025 WL 2495777 (E.D. Tenn. Aug. 29, 2025). This Court concurs.

In any event, Mr. Mendez-Sales's argument is not persuasive. He is correct in acknowledging that some courts disagree with the separate treatment of actual and mixture methamphetamine. These courts often opt to treat both as a mixture, resulting in a lower guidelines range. But, although "a district court *may* disagree with a Guideline for policy reasons

and *may* reject the Guidelines range because of that disagreement does not mean that the Court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Young*, 754 F. App'x 331, 335 (6th Cir. 2018).

Further, he was sentenced pursuant to a § 11(c)(1)(C) plea agreement, in which he agreed that 151 months' imprisonment was the appropriate disposition of his sentence. [Plea Agreement, Doc. 20, at 3]. As with any plea colloquy, the Court would have ensured that Mr. Mendez-Sales's plea was knowing and voluntary and that he understood the provisions of the plea agreement before accepting his plea. Additionally, at sentencing, the Court would have ensured that Mr. Mendez-Sales had the opportunity to read and discuss his presentence investigation report with his attorney and that he had no objections to it. He did not object. [Minute Entry, Doc. 42]. Lastly, Mr. Mendez-Sales already received a very favorable sentence. His guidelines range was 188-235 months, and he received 151 months, well below that range. The Court declines to find that a below-guidelines sentence that the defendant agreed was the proper disposition of his case constitutes an extraordinary and compelling circumstance for a sentence reduction.

B. *Career Offender Classification*

Mr. Mendez-Sales also offers a challenge to his classification as a career offender as an extraordinary and compelling circumstance. Again, a compassionate release motion is not the proper vehicle for this type of claim, one that could have been brought on direct appeal or in a § 2255 habeas petition. See *Mattice*, No. 20-3668, 2020 WL 7587155. Regardless, he was correctly classified as a career offender.

§ 4B1.1 of the 2018 United States Sentencing Guidelines provides that a defendant is a career offender if (1) he was at least eighteen years old at the time of the instant offense, (2) the instant

offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Prior to the instant offense, which is a felony controlled substance offense which he committed at age 32-33, he had one felony conviction for a controlled substance offense at age 27, and another at age 28. [Presentence Investigation Report, Doc. 31, at 13-14]. Therefore, he was correctly classified as a career offender and that classification does not constitute extraordinary and compelling circumstances for a sentence reduction.

### III.  CONCLUSION

Because Mr. Mendez-Sales has failed to show that he is entitled to a sentence reduction under § 3482(c)(1)(A), his Motion [Doc. 35] is **DENIED**.

So Ordered.

ENTER:                                             s/ J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE